IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| BRANDON MICHAEL GRAY | § | |
| VS. | § | CIVIL ACTION NO. 1:05cv414 |
| GARY JOHNSON | § | |

## MEMORANDUM OPINION

Petitioner Brandon Michael Gray, an inmate confined in the Polunsky of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this motion for an extension of time in which to file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## Discussion

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), which became effective on April 24, 1996, amended 28 U.S.C. § 2244 by imposing a one-year statute of limitations for the filing of a habeas corpus petition seeking relief from a state court conviction. 28 U.S.C. § 2244(d)(1), as amended, provides in pertinent part the following:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>     (A) the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Furthermore, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

There is no statutory basis for this court to grant a motion for extension of time in this situation. The statutory provision controlling the procedures in capital cases provides that the time requirements for filing of an application for writ of habeas corpus may be tolled for an additional period not to exceed 30 days if a motion for extension of time is filed and a showing of good cause is made. 28 U.S.C. § 2263(b)(3). However, the statutory provision establishing the statute of limitations pertaining to non-capital cases contains no such procedure for obtaining an extension of time. *See* 28 U.S.C. § 2244.

The statute of limitations of § 2254 does not act as a deadline that is extendable by court order. Instead, it is a statutory bar to consideration of the claims asserted in a petition. It is not a jurisdictional bar to filing the action, but rather an affirmative defense that is subject to equitable tolling. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *United States*

*v. Patterson*, 211 F.3d 927, 930 (5th Cir.2000). This Court cannot pre-approve any delay in filing a motion under § 2254 before the petitioner files such motion. *See Ward v. Santa Fe Indep. Sch. Dist.*, 393 F.3d 599, 604 (5th Cir.2004) (court does not grant advisory opinions); *John Doe # 1 v. Veneman*, 380 F.3d 807, 814 (5th Cir.2004) (same).

The court cannot interpret petitioner's motion as commencing a habeas corpus action. Rule 2(a) and (c) of the Rules Governing Section 2254 Cases provides that an application for writ of habeas corpus shall be in the form of a petition, which specifies each ground for relief that is available to the petitioner and the factual basis for each ground for relief. Petitioner's motion only requests additional time to file a federal habeas petition and, thus, cannot be construed as the petition itself. Finally, petitioner's motion for an extension of time of the one-year statute of limitations does not present a case or controversy. *See Juidice v. Vail*, 430 U.S. 327, 331, 97 S.Ct. 1211, 51 L.Ed.2d 376 (1977) (presenting a justiciable case or controversy is a jurisdictional requirement which the court has an obligation to examine *sua sponte*); *see also U.S. v. One 18th Century Colombian Monstrance*, 797 F.2d 1370, 1374 (5th Cir.1986); *United States v. Cook*, 795 F.2d 987, 994 (Fed.Cir.1986) (district court erred in tolling statute of limitations as to future claims by persons not party to the case before the court). Federal courts do not " 'sit to decide hypothetical issues or to give advisory opinions about issues as to which there are not adverse parties before [them]." '

*Cook*, 795 F.2d at 994 (*quoting Princeton University v. Schmid*, 455 U.S. 100, 102, 102 S.Ct. 867, 70 L.Ed.2d 855 (1982)).

## Conclusion

For the reasons set forth above, this motion for an extension of time should be denied and this action dismissed as improvidently filed.  Petitioner may raise any argument for equitable tolling when he files his petition for writ of habeas corpus.  It is therefore

**ORDERED** that petitioner's motion for an extension of time to file a petition for writ of habeas corpus is hereby **DENIED**.  A final judgment shall be entered in accordance with this opinion.

**SIGNED** this the **29** day of **June, 2005.**

_____
Thad Heartfield
United States District Judge